UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

In Re:                                                    **STIPULATION AND ORDER**
                                                          **APPROVING LOAN**
                                                          **MODIFICATION**

Glenn Bruce Zisa
                        Debtor                            Case No.: 10-36158
                                                          Chapter 13


_____


WHEREAS, BAC Home Loan Servicing, LP (the "Secured Creditor") is the holder and/or

servicer of a mortgage dated April 25, 2007 securing a note of the same date in the amount of

$300,000.00, and identified by the last four loan numbers of **9992, secured by real property owned by

Glenn Bruce Zisa, (the "Debtor") and commonly known as 620 Scotchtown Collabar Road,

Middletown, NY 10941; and


WHEREAS, Debtor made a Loss Mitigation Request pursuant to General Order #M-362 on

April 27, 2010, and


WHEREAS, a Loss Mitigation Order was issued by the court on May 19, 2010, and


WHEREAS, Debtor and Secured Creditor have agreed to modify the existing terms of the note

and mortgage as outlined below, and more fully in the proposed loan modification agreement and/or

loan modification offer attached hereto as Exhibit "A", it is hereby


STIPULATED AND AGREED THAT THE MORTGAGE MAY BE MODIFIED AS

FOLLOWS:


1. The note and mortgage securing the Secured Creditor's lien identified as loan **9992

    may be modified in accordance with the following terms**:**

    a. The maturity date remains at May 1, 2037.

    b. The principal balance as of March 1, 2011 may be modified to $404,658.05. A

        portion of the New Principal Balance, $121,020, shall be the Deferred Principal

        Balance and Debtor shall not pay interest or make payment on this amount. The

Deferred Principal Balance shall be payable at the Maturity Date, unless the mortgaged premises are sold prior to maturity or the Principal Bearing Balance and all amounts due are paid prior to maturity.

c. The interest rate may be modified so that it increases in steps as follows:

- February 1, 2011 interest at 2.000%, with P&I payment of $858.93 beginning March 1, 2011. The total payment may vary depending upon the escrow component required or for any other reason as set forth in the terms of the underlying note, mortgage, and prospective loan modification agreement;

- February 1, 2016 interest at 3.000% with P&I payment of $997.88 beginning March 1, 2016. The total payment may vary depending upon the escrow component required or for any other reason as set forth in the terms of the underlying note, mortgage, and prospective loan modification agreement;

- February 1, 2017 interest at 4.000% with P&I payment of $1,144.54 beginning March 1, 2017. The total payment may vary depending upon the escrow component required or for any other reason as set forth in the terms of the underlying note, mortgage, and prospective loan modification agreement;

- February 1, 2018 interest at 4.500% with P&I payment of $1,219.99 beginning March 1, 2018 through to the maturity date. The total payment may vary depending upon the escrow component required or for any other reason as set forth in the terms of the underlying note, mortgage, and prospective loan modification agreement.

2. This Stipulated Order approves the loan modification agreement or offer but does not mandate it. The Parties acknowledge that the loan modification agreement or offer has not been finalized, settled or recorded. The Parties further acknowledge that should the Secured Creditor not be able to settle, finalize or record the loan modification agreement or offer due to any act or omission of the Debtor, the loan modification agreement or offer may be revoked.

3. The Secured Creditor's claim, identified as Claim #2 on the Claims register, asserting pre-petition arrears in the amount of $100,501.21 is hereby amended, without prejudice to further amendment, so that $0.00 pre-petition arrears are claimed. The Parties agree

and understand that the claim will not be paid via the Chapter 13 Plan. The Parties also agree and understand that no part of the pre-petition arrears in the amount of $100,501.21 will be discharged via the Chapter 13 bankruptcy. Should the loan modification not be settled or finalized for any reason, the Parties hereby agree that the amount of $100,501.21 in pre-petition arrears will remain owing to the Secured Creditor, regardless of confirmation of the Chapter 13 Plan and regardless of any discharge that may be issued in this case, in so far as they have not been reduced by payments made and received.

4. The loss mitigation period is hereby terminated in respect to the loan ending in **9992.

5. If not previously lifted or otherwise terminated, the automatic stay is hereby lifted for the purpose of entering into and taking such steps as are necessary to settle and finalize the loan modification agreement or offer, including recording of the modification with the County Clerk's office.

6.   Terms of the loan modification agreement not detailed in this Stipulated Order are not void, voidable, or otherwise invalid merely because they are not set out herein. To the extent that any portion of the instant stipulation varies from the terms of the proposed loan modification, the terms of the loan modification shall control. To the extent that any portion of the instant stipulation omits any portion of the original note and mortgage, such omitted portions are still valid and enforceable and the terms of the original note and mortgage are not amended other than detailed in the loan modification agreement.

7. Nothing in this Stipulated Order, the loan modification agreement or offer, or any accompanying documents shall be understood or construed to be a satisfaction or release, in whole or in part, of the original note and mortgage.

8.   This Stipulated Order shall be binding upon the heirs, successors and assigns of Secured Creditor and of the Debtor.

9.   It is further agreed that a fully executed copy of this Stipulation shall be deemed the original for the purposes of filing the same with the Court and that facsimile signatures shall have the same force and effect as the original signature.

10.  The foregoing represents the entire agreement of the Parties and no modification, amendment, or extension thereof shall be valid, unless in writing, signed by all signatories to this agreement.

Dated: March 1, 2011                         Dated: March 1, 2011

**Attorney for Debtor**                       **Attorney for Secured Creditor**

/s/ Joshua N. Bleichman                       /s/ Anne M. Hulbert
_____                       _____
Joshua N. Bleichman, Esq.                     Anne M. Hulbert, Esq.
Bleichman & Klein                             Steven J. Baum, P.C.
268 Route 59                                  220 Northpointe Parkway
Spring Valley, NY 10977                       Amherst, NY 14228
845-425-2510                                  716-932-6363


SO ORDERED:                                   /s/ Cecelia G. Morris
                                              Hon**.** Cecelia G. Morris
Poughkeepsie NY                               United States Bankruptcy Judge
March 2, 2011